## Caspar H. Scheel v. Christian Reimer.

### *Assault—Evidence.*

Where, on the trial of a civil suit for assault and battery, the plaintiff testifies that the defendant stated when he first assailed him that he would fix him for the money he pulled out of his pocket, it is not error to admit in evidence, as explanatory of the statement, the record of a judgment recovered by the plaintiff against the defendant, prior to the assault, for alienating his wife's affections.

Error to Wayne.    (Hosmer, J.)    Argued November 17, 1893.    Decided December 8, 1893.

Case.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Groege X. M. Collier,* for appellant.

*James H. Pound,* for plaintiff.

LONG, J. Plaintiff brought an action for damages for an assault and battery. The defense was that the plaintiff was the assailant, and whatever the defendant did was in self-defense. The parties were each called as witnesses, and several other persons who were present at the affray also gave testimony. Plaintiff had verdict and judgment for $1,500 damages.

While the plaintiff was being examined in chief he stated that defendant said to him during the affray, "I will fix you for that money you pulled out of my pocket once." His counsel asked him whether he ever took any money out of defendant's pocket, and he answered that he never did. Counsel then asked the witness what trouble he had had before that with defendant, and witness was permitted to testify, under objection, that he had brought suit against the defendant for alienating his wife's affections, and in such suit had recovered judgment. This was objected to, when the court suggested that the record of the judgment would be the best evidence. Defendant's counsel objected to the introduction of this record of judgment. The court stated that it was permitted as bearing upon the previous relations of the parties; and the judgment record was put in evidence. Upon appeal here the only question raised is that the court was in error in permitting this evidence to go before the jury.

The court was not in error in admitting the evidence. It appeared from plaintiff's testimony that when defendant first assailed him he charged him with pulling money out of his pocket. It was in explanation of this that the court admitted the testimony.

Judgment affirmed.

The other Justices concurred.